IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PHILIP ANDREW BAUGHMAN, JR.,

    Plaintiff,

v.                                      Civil Action No. 5:15CV47
                                                    (STAMP)
JAMES RUBENSTEIN,
Commissioner of Corrections,
PAT MIRANDY, Warden,
JOYCE BILLS, IPO,
in their professional and
individual capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff instituted this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. The plaintiff was incarcerated at St. Marys Correctional Center ("SMCC") at the time he filed his complaint but discharged his sentence on February 17, 2016. In his complaint, the plaintiff alleges that the defendants violated his civil rights with respect to his parole consideration. On March 4, 2016, the magistrate judge determined that summary dismissal was not appropriate and entered an order to answer. On April 4, 2016, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 48. The magistrate judge

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

issued a Roseboro notice on April 5, 2016, and, to date, the plaintiff has not responded to the defendants' motion.

The plaintiff, a convicted sex offender, was an inmate at SMCC between August 15, 2014, and February 17, 2016. Because he was a convicted sex offender, he was required to have a psychological evaluation before consideration for parole. A third-party provider, PsiMed Corrections, LLC ("PsiMed"), conducts the psychological evaluations and services for inmates in facilities operated by the West Virginia Division of Corrections ("WVDC"). When the plaintiff arrived at SMCC in August 2014, the Parole Board placed him on the list for parole consideration, and the institutional parole officer, defendant Joyce Bills ("Bills"), advised PsiMed that the plaintiff required a psychological evaluation.

The necessary test was administered and scored on September 25, 2014, and sent to a PsiMed psychologist, Aimee Meadows, on that same day. On October 14, 2014, defendant Bills again emailed Ms. Meadows requesting that the plaintiff receive a psychological evaluation. Defendant Bills also sent Ms. Meadows a follow-up email on October 23, 2014. On November 5, 2014, defendant Bills sent a third email to Ms. Meadows and copied Ashley Spruce, a PsiMed psychologist at Mount Olive Correctional Center ("MOCC"), on that email. The third email noted that the plaintiff had been

2

referred for a psychological evaluation in September and that the evaluation had still not been completed.

On November 14, 2014, Dana McVey from the West Virginia State Parole Board emailed Ms. Meadows and defendant Bills about the status of the plaintiff's psychological evaluation. The delay was apparently due to a staff shortage at PsiMed. Specifically, Ms. Meadows had left her employment with PsiMed, and Ms. Spruce was covering psychological evaluations for both SMCC and MOCC. Defendant Bills informed Ms. Spruce that the plaintiff could be put on the parole hearing list for January 2015, and Ms. Spruce responded that the plaintiff's evaluation would be done for the January 2015 parole hearing.

Ms. Spruce forwarded the plaintiff's psychological evaluation to the Parole Board on January 5, 2015, and informed defendant Bills of that action on January 27, 2015. The Parole Board saw the plaintiff for a hearing in February 2015 and denied parole to the plaintiff because of his prior unsatisfactory supervision history. The Parole Board scheduled the plaintiff for reconsideration in February 2016. However, the plaintiff's sentence expired and he was discharged from his term of imprisonment on February 17, 2016.

The plaintiff alleges that each defendant violated his civil rights with respect to his parole consideration. As to the Commissioner of Corrections, defendant James Rubenstein ("Rubenstein"), the plaintiff alleges that defendant Rubenstein

failed to instruct and direct his subordinates in the proper process of preparing the plaintiff to go before the Parole Board, thus denying the plaintiff proper parole consideration. As to the Warden, defendant Pat Mirandy ("Mirandy"), the plaintiff alleges that defendant Mirandy usurped the Parole Board and denied him parole by failing to provide proper instruction on the preparation of necessary paperwork for the Parole Board to consider him for parole eligibility. As to defendant Bills, the plaintiff alleges that she (1) failed to prepare the proper paperwork for the Parole Board to consider his parole eligibility and (2) failed to correct incorrect information and outdated facts in the parole report.

For relief, the plaintiff seeks compensatory and punitive damages, an immediate parole reconsideration, and termination of defendant Bills's employment as the institutional parole officer at SMCC. The plaintiff's request for an immediate parole hearing, however, is moot because the plaintiff has been released from custody.

The defendants' motion to dismiss or, in the alternative, motion for summary judgment, alleges that the plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The defendants' motion also alleges that the plaintiff's claims regarding his parole hearing must be dismissed because the plaintiff failed to exhaust his administrative remedies. The defendants further allege that, even if the

4

plaintiff had exhausted his administrative remedies, his complaint would be moot because he suffered no actual harm.

United States Magistrate Judge Michael John Aloi then entered a report and recommendation. ECF No. 58. In that report and recommendation, the magistrate judge concluded that, with respect to defendants Rubenstein and Mirandy, the plaintiff's complaint fails to make specific allegations against the two defendants to indicate that either was personally involved in any alleged violation of the plaintiff's constitutional rights. Additionally, the magistrate judge found that the plaintiff fails to make any allegations against defendant Rubenstein or defendant Mirandy that contain the required elements for supervisory liability. With respect to defendant Bills, the magistrate judge concluded that the plaintiff's first allegation against her fails to state a cause of action because the delay in the plaintiff's appearance before the Parole Board is attributable to a third-party provider of psychological evaluations, PsiMed, not defendant Bills. As to the plaintiff's second allegation against defendant Bills, the magistrate judge concluded that the plaintiff failed to exhaust his administrative remedies as to the specific grievance that there was incorrect information in his parole report.

The plaintiff did not file objections to the report and recommendation of the magistrate judge. For the reasons set forth below, the report and recommendation of the magistrate judge (ECF

No. 58) is AFFIRMED and ADOPTED. Therefore, the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 48) is GRANTED. Additionally, the plaintiff's complaint (ECF No. 1) is DENIED WITH PREJUDICE with respect to all claims against defendants Rubenstein and Mirandy, DENIED WITH PREJUDICE with respect to the claim that defendant Bills failed to present the plaintiff before the Parole Board in a timely manner, and DENIED WITHOUT PREJUDICE with respect to the claim that defendant Bills failed to correct information on the Parole Board for failure to exhaust administrative remedies.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

After reviewing the complaint and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States Gypsum Co., 333 U.S. at 395. With respect to the plaintiff's claims against defendants Rubenstein and Mirandy, the magistrate judge correctly noted that liability under 42 U.S.C. § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). In this case, the plaintiff's allegations as to defendants Rubenstein and Mirandy are not specific to those defendants. Rather, the plaintiff's allegations suggest that he named defendants Rubenstein and Mirandy in their official or supervisory capacities as Commissioner of the WVDC and the Warden of SMCC, respectively. The magistrate judge also correctly concluded that official capacity claims require the governmental entity's policy or custom to have played a part in the constitutional violation. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)). Here, the plaintiff does not assert that any WVDC or SMCC policy or custom played a part in the alleged violation of his constitutional rights.

Additionally, the magistrate correctly noted that there is no respondeat superior liability under § 1983. See Monell, 436 U.S. at 691-92. Rather, "liability will lie where it is affirmatively

shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). A supervisor may, however, be liable under § 1983 even without personal involvement if a subordinate acts pursuant to an official policy or custom for which the supervisor is responsible. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994). Here, the magistrate judge correctly concluded that the plaintiff did not allege any personal involvement on the part of defendant Rubenstein or defendant Mirandy. The magistrate judge also correctly concluded that the plaintiff did not make any allegations that reveal the presence of the required elements for supervisory liability. Thus, this Court finds no error in the magistrate judge's finding that the plaintiff's complaint fails to state a claim against either defendant Rubenstein or defendant Mirandy.

As set forth above, the plaintiff made two allegations against defendant Bills.  The plaintiff first alleges that defendant Bills failed to present the plaintiff before the Parole Board in a timely manner.  The magistrate judge correctly noted that courts apply tort principles of foreseeability and intervening superseding causes when determining whether to attach liability for the acts of a third party under § 1983.  See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012).  The magistrate judge correctly concluded that defendant Bills cannot be held responsible for the delay in the plaintiff's appearance before the Parole Board because the delay was not caused or influenced by her.

As explained previously, the WVDC contracts with PsiMed to provide psychological evaluations, and defendant Bills promptly forwarded the plaintiff's information to Ms. Meadows, the PsiMed psychologist assigned to SMCC.  Defendant Bills also followed up on her request for the plaintiff's psychological evaluation with multiple emails to PsiMed employees.  The magistrate judge correctly concluded that defendant Bills had no other avenue to obtain the necessary evaluation and that she acted in good faith to timely obtain the evaluation from PsiMed.  Thus, PsiMed's failure to promptly respond to defendant Bills's repeated requests was the sole cause of the delay.

The plaintiff's second allegation is that defendant Bills failed to correct incorrect information in the Parole Report.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a). The prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

The WVDC has established a three-level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The Level One involves filing a G-1 Grievance Form with the Unit Manager. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden or administrator. Finally, the inmate may appeal the Level Two decision to the Commissioner of the WVDC.

In this case, the plaintiff did file a grievance with his unit manager on January 15, 2015, regarding the parole review process. However, that grievance did not raise any allegation that there was incorrect information in his parole report. The grievance simply stated: "Pursuant to the Unit Team Response to 14-SMCC-76-1-164[,] I was guaranteed I would have my necessary paperwork completed and I have been denied two parole review opportunities." ECF No. 18 at 2. Defendant Mirandy also filed an affidavit indicating that "[u]pon a review of [SMCC] files, there are no grievances filed by Plaintiff regarding denial of parole in February 2015, nor are there any grievances filed by Plaintiff which allege wrongdoing by

Ms. Bills leading to his denial of parole in February 2015." ECF 49-2 at 2. Thus, the plaintiff's second allegation against defendant Bills must be dismissed for failure to exhaust administrative remedies. Accordingly, the report and recommendation is AFFIRMED and ADOPTED in its entirety.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. Accordingly, the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 48) is GRANTED. Additionally, the plaintiff's complaint (ECF No. 1) is DENIED WITH PREJUDICE with respect to all claims against defendants Rubenstein and Mirandy, DENIED WITH PREJUDICE with respect to the claim that defendant Bills failed to present the plaintiff before the Parole Board in a timely manner, and DENIED WITHOUT PREJUDICE with respect to the claim that defendant Bills failed to correct information on the Parole Board for failure to exhaust administrative remedies. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     February 23, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE